



LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
EMPRESS HOLDING LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EMPRESS HOLDING LIMITED,

                              Plaintiff,

        - against -

CLEVELAND POTASH LTD.,

                              Defendant.
-------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff EMPRESS HOLDING LIMITED ("EMPRESS"), by its attorneys, Lyons &

Flood, LLP, as and for its Verified Complaint against defendant, CLEVELAND POTASH LTD.

("CLEVELAND"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the action falls within the Court's subject matter

jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists

because the action arises under the New York Convention on the Recognition and Enforcement

of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1

*et seq.*

2.      At all material times, plaintiff EMPRESS was and still is a corporation organized

and existing under the laws of a foreign country, and was the owner of the M/V VICTORIA

(now called M/V STAR COSMO ("the Vessel").

3.      Upon information and belief, at all material times, defendant CLEVELAND was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Boulby Mine, Loftus, Saltburn-by-the-Sea, Cleveland TS13 4UZ, United Kingdom, and was the charterer of the Vessel.

4.      By a Voyage Charter dated January 15, 2008 (the "Charter Party"), defendant CLEVELAND chartered the Vessel from plaintiff EMPRESS, for one voyage involving the transport of 42,269.9 metric tons of salt from Teesport to Delaware.

5.      Under the terms of the Charter Party, defendant CLEVELAND was required to pay $42,500.00 per day in demurrage, less a 6.25% commission. Defendant CLEVELAND incurred 4.91875 days of demurrage, amounting to $195,981.45 that is due and owing to plaintiff EMPRESS.

6.      While docking in Delaware, defendant CLEVELAND misrepresented the discharge draft of the Vessel, thereby leading to its grounding, and causing plaintiff EMPRESS to incur related expenses for which defendant CLEVELAND is liable under the terms of the Charter Party.

7.      While docking in Delaware, defendant CLEVELAND unilaterally decided to shift to a third berth for completion of discharge, incurring expenses for which it is liable under the terms of the Charter Party.

8.      Pursuant to the terms of the Charter Party, disputes between plaintiff EMPRESS and defendant CLEVELAND are subject to English law and London arbitration.

9.      Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

10.     Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 7.5% *per annum, pro rata,*

compounded at three monthly rests. Plaintiff has therefore calculated the interest on the sum set forth in paragraph ¶12 of the Verified Complaint herein based on that interest rate for a period of two years.

11.     Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendant. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

12.     Plaintiff EMPRESS hereby demands:

    (a) Payment of $207,656.31 as security for the demurrage, grounding, and shifting expenses due and owing to plaintiff under the Charter Party;

    (b) Payment of $51,855.18 as security to cover interest on the amount in paragraph (a) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

    (c) Payment of $100,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total                    $359,511.49**

13.     The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, defendant has, or will have

during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to the defendant.

WHEREFORE, plaintiff EMPRESS HOLDING LIMITED prays that:

a.      process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b.      since the defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $359,511.49 to secure plaintiff EMPRESS's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.      this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.      judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e.      plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: August 11, 2008

                                     LYONS & FLOOD, LLP
                                     Attorneys for Plaintiff
                                     EMPRESS HOLDING LIMITED

By:            *Kirk M. Lyons*
                           Kirk M. Lyons
                           65 West 36th Street, 7th Floor
                           New York, New York 10018
                           (212) 594-2400

U:\kmhldocs\2643005\Pleadings\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff EMPRESS HOLDING LIMITED in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff EMPRESS HOLDING LIMITED is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   August 11, 2008

_____
                Kirk M. Lyons

U:\kmhldocs\2643005\Pleadings\Verified Complaint.doc